[Civ. No. 1406.   First Appellate District.—February 15, 1915.]

## GREEN NANCE, Respondent, v. C. P. AVENALL, Appellant.

CONTRACTS—VENDOR AND VENDEE—DEFAULT OF PURCHASER—WHEN PAYMENTS NOT RECOVERABLE.—Where the vendee in a contract for the purchase and sale of land without cause defaults in the payments called for by the contract after making the first payment, he is not entitled to recover the payment made, if the vendor has not defaulted, especially where the contract provides that upon default of the purchaser he shall forfeit payments previously made by him; and the fact that the owner of the legal title to the land enters

into a contract to sell the land in question as a part of a larger tract subject to the original contract did not constitute a rescission of this contract.

APPEAL from a judgment of the Superior Court of Fresno County.  M. L. Short, Judge presiding.

The facts are stated in the opinion of the court.

M. B. & E. M. Harris, for Appellant.

Everts & Ewing, for Respondent.

THE COURT.—This is an action brought to recover from defendant money paid him by plaintiff on a contract for the purchase and sale of certain land.

In April, 1911, the plaintiff and defendant entered into a written contract for the sale to plaintiff by defendant of twenty acres of land, known as lot 9 in a larger tract, in Fresno County, for the price of six thousand five hundred dollars, to be paid five hundred dollars down, two thousand dollars on the first day of January, 1912, and four thousand dollars in five years, to be secured by a mortgage on the premises.  The five hundred dollars was paid, and the contract with a deed from the owner were, as agreed, placed in escrow in the First National Bank of Fowler, where these documents remained until this suit was brought.  Plaintiff did not take possession of the property at any time.  On the eighteenth day of January, 1912, a draft of seven hundred and fifty dollars was received from the plaintiff by the said bank, but it was returned to plaintiff because not complying with the escrow.  On January 15, 1912, William Flack (who now held the legal title) entered into a contract, which was recorded, for the sale of a tract which included lot 9 to A. K. and John K. Kazanjian.  It did not refer to plaintiff's contract, but the Kazanjians testified that before signing their contract they were told by defendant of plaintiff's contract, and that if the defendant came back and wanted the twenty acres, he was to have it, and they were to have a credit of six thousand five hundred dollars on their contract price, to which they orally consented.

Without paying or tendering the amount due under the contract, the plaintiff commenced this suit for the recovery

of the five hundred dollars paid defendant as hereinbefore stated.

The findings of the lower court followed substantially the allegations of the complaint, and were against the defendant on the theory that the plaintiff had fully performed his part of the contract, that defendant had rescinded the contract, and refused to return the five hundred dollars or execute a deed. Judgment went for plaintiff for the recovery of the five hundred dollars paid, and the appeal is by defendant from that judgment.

Of course under the facts just narrated the contract to sell the property in controversy to the Kanzanjians did not amount to a rescission by the defendant of the contract here under consideration, for the reason that there was no intention on the part of the defendant to rescind as is shown by the above mentioned arrangement made by him with the subsequent vendees.

It plainly appears without conflict that the plaintiff failed to make the second payment as required by his written agreement; that the defendant performed all the contract required of him up to the time of the plaintiff's default; and that, not repudiating the contract but insisting upon the performance of its terms, he was warranted in retaining the installment of the purchase money paid and to consider plaintiff's rights in the land terminated. The authorities abundantly sustain this position.

Where the purchaser without cause refuses to perform his contract, or is in default in making a payment thereunder, he is in no position to recover an installment which he has already paid. Accordingly in such a case, if the vendor is not in default no recovery can be had; and especially is this true where the contract provides, as the one here does, that upon default of the purchaser he shall forfeit payments previously made by him, and that the same may be retained by the vendor, although it has been held in this state that such a provision is unnecessary and wholly immaterial (*Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713] ; 39 Cyc. 2005, 2025; *Oursler* v. *Thacher,* 152 Cal. 739, [93 Pac. 1007] ; *Leach* v. *Rowley,* 138 Cal. 709, [72 Pac. 403]).

The judgment is reversed.